UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN GARCIA-ESPINOZA, Individually and  :
on Behalf All Other Persons Similarly Situated, :
                                                :
            Plaintiffs,                         :
                                                :       **COMPLAINT AND**
    -against-                                   :       **JURY DEMAND**
                                                :
JP RESTAURANT CORP. d/b/a CARMINE'S  :       07-cv-08330
ITALIAN SEAFOOD RESTAURANT,                     :       (LAK)
                                                :
            Defendant.                          :
------------------------------------------------------------X

## NATURE OF THE ACTION

### Federal Allegations

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages and attorney's fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

### New York State Allegations

2. Plaintiff alleges, on behalf of himself, that under New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by law, (ii) entitled to unpaid spread of hours wages from Defendant which he did not receive, as required by law (iii) liquidated damages equal to twenty-five (25) percent of his unpaid wages, and (iv) attorneys fees and costs.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**THE PARTIES**

6. Plaintiff, Juan Garcia-Espinoza, at all relevant times, is an adult individual, residing in New York County.

7. Upon information and belief, Defendant is a New York corporation, with its principal place of business in New York County.

**COLLECTIVE ACTION ALLEGATIONS**

8. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since December 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek (the "Collective Action Members").

9. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on

which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 20 members of Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

10. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

11. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

12. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    d. whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    e. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

    f. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    g. whether Defendant should be enjoined from such violations of the FLSA in the future.

13. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

14. At all relevant times, Defendant maintained and operated a restaurant in New York County.

15. Plaintiff worked as a dishwasher and related duties. Plaintiff often worked over forty (40) hours per week. Plaintiff often worked ten (10) or more hours per day. Plaintiff was paid a weekly salary ranging from $260.00 to $300.00.

16. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**

17. Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 16 as if they were set forth again herein.

18. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

20. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

21. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

Federal Overtime Claim

22. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

23. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

24. Plaintiff, on behalf of himself, realleges and incorporates by reference paragraphs 1 through 23 as if they were set forth again herein.

25. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§ 2(5), 2(6), 651(5) and 651(6).

State Overtime Claim

26. Defendant willfully violated Plaintiff's rights by failing to Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR §142-2.2.

Spread of Hours Claim

27. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than ten (10)

hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§650 et seq.; 12 NYCRR §142-2.4.

28. The Defendant's New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

29. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, spread of hours compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.     An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.     An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e.     An award to Plaintiff for unpaid spread of hours compensation due under the New York Labor Law;

f.     An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.     An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime and spread of hours compensation pursuant to the New York Labor Law;

h.     An award of prejudgment and postjudgment interest;

i.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.     Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
September 20, 2007

>By: ____S/_____
>      Justin A. Zeller (JZ 7094)
>
>Justin A. Zeller (JZ 7094)
>THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
>251 West 14th Street, 5th Floor
>New York, New York 10038
>Telephone: (212) 860-9169
>Facsimile: (917) 421-9387
>
>**ATTORNEY FOR PLAINTIFF AND THE PROPOSED CLASS**