## PRELIMINARY STATEMENT

Defendant JP Restaurant Corp., d/b/a Carmine's Italian Seafood (hereinafter referred to as "Carmines" and/or Defendant), by and through its Attorney, SCOTT MICHAEL MISHKIN, P.C., submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Juan Garcia-Espinoza's Complaint on behalf of himself and other persons similarly situated, (hereinafter referred to as "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure ("Fed. R. Civ. P.").

## STATEMENT OF FACTUAL AND PROCEDURAL HISTORY

On September 24, 2007, Plaintiff, individually and on behalf of alleged similarly situated current and former employees of Carmines filed a Federal Complaint alleging Carmines failed to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law § 190 *et seq.* (NYLL), as well as spread of hours wages to in violation of NYLL.

Said Complaint sounds in 1) that Plaintiff and others were entitled to unpaid wages for overtime work. (Complaint ¶ 1, 2), and 2) that Plaintiff's allegations for unpaid overtime and spread of hours wages rest (only) on a bare bone allegation that he "often worked over forty (40) hours per week and ten (10) or more hours per day" (Complaint ¶ 15). That's it.

As will be demonstrated herein, as a matter of law Plaintiff's Complaint must be dismissed, as it appears beyond doubt that, based on said one bare bone allegation, the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

As such, Defendant respectfully moves this Court, pursuant to Rule 12(b)(6) of the Fed. R. Civ. P., for an Order dismissing Plaintiff's complaint as its pleadings fail to provide sufficient

notice to calculate damages, sufficient facts to sustain a claim for unpaid overtime and spread of wages, and sufficient facts that other persons were allegedly similarly situated as was Plaintiff.

## STANDARD OF REVIEW

As established, a court may dismiss an action pursuant to Fed. R. Civ. P. 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994); Pail v. Precise Imports Corporation, No. 99 CV 1624, 1999 LEXIS 13401 at *4, (S.D.N.Y. August 31, 1999); Rene v. Citibank NA, No. 94 CV 5163, 1999 LEXIS 203 at *12 (E.D.N.Y. January 11, 1999). In considering defendant's motion, the court must take as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Connel v. Signoracci, 153 F.3d 74 (2d Cir. 1998); Jackson National Life Insurance v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir. 1994).

The court should not grant a Rule 12(b)(6) motion unless it appears clear that the plaintiff cannot in any way establish a set of facts to sustain his claim, which would permit him relief. Hughs v. Rowe, 449 U.S. 5, 10, 66 L.Ed. 2d 163, 101 S. Ct. 173 (1980); see also Bass v. Jackson, 790 F.2d 260, 262 (2d Cir. 1986).

As will be demonstrated below, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted in its entirety as Plaintiff fails to provide sufficient notice to calculate damages, if any, plead sufficient facts to sustain a claim for unpaid overtime and spread of wages, and plead sufficient facts that other persons are similarly situated to plaintiff. Therefore, the Defendant's Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) "for failure to state a claim upon which relief can be granted" should be granted in

its entirety and Plaintiff's Complaint should be dismissed pursuant to Defendant's 12(b)(6) motion.

## ARGUMENT

### Point I

### PLAINTIFF FAILS TO PLEAD FACTS NECESSARY TO SUSTAIN A CLAIM FOR UNPAID OVERTIME AND CLASS CERTIFICATION

"The language of the FLSA's …overtime compensation provisions establish the elements that should be alleged in order to survive a motion to dismiss." Zhong v. August August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007), 2007 U.S. Dist. Lexis 54296.  To survive a motion to dismiss, the FLSA requires a complaint to allege the following: "(1) that an employer, employee relationship existed in order to demonstrate the plaintiff's eligibility to recover damages; (2) the FLSA's…overtime wage provisions apply only to employees whose work involved some kind of interstate activity; (3) where the plaintiff alleges violations of the FLSA…overtime wage provision, the complaint should, at least approximately, allege the hours worked for which these wages were not received; (4) where a plaintiff brings an FLSA claim "for and in behalf of himself…and other employees similarly situated," the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." Id. This motion turns on the third and fourth requirement necessary to properly plead a claim under the FLSA. Applying said pleading requirements to the instant matter, as demonstrated in the Complaint, it is readily apparent that the alleged unpaid overtime wage claim by Plaintiff is insufficient to state a claim upon which relief can be granted.

Applying pleading requirement number (3) "where the plaintiff alleges violations of the FLSA…overtime wage provision, the complaint should, at least approximately, allege the hours

worked for which these wages were not received", *Id.*, there is no question that Plaintiffs alleged over time hours worked, as raised in Plaintiff's pleadings, does not approximately allege the hours worked for which wages were not received. Moreover, "[A] claim under the FLSA to recover unpaid…overtime wages should indicate the applicable rate of pay and the amount of …overtime wages due…." *Id.* Plaintiff's complaint is almost void of any specific details as to the applicable rate of pay and the amount of overtime wages due, if any. Plaintiff simply pleads that he "often" worked over forty (40) hours per week (Complaint ¶ 15).

Likewise, plaintiff must plead enough information to provide sufficient notice for Defendant to calculate damages. *Id.* A Complaint which has pleaded facts in the form of specific hours worked per week; days worked during the week; a specific wage paid per day; and the length of employment has been held to provide sufficient notice to calculate damages and defeat a motion to dismiss. *Id* at 630. In the instant matter, Plaintiff has not alleged with specificity the hours worked per week, days worked per week, a specific wage paid per day or the overall length of his employment. Plaintiff's Complaint simply states that he "often" worked overtime and was not paid for said overtime worked (Complaint ¶ 15). Simply stating Plaintiff was not paid for overtime work does not sufficiently allege a violation of the FLSA. <u>Acosta v. Yale Club</u>., 94 Civ. 0888, 1995 U.S. Dist. Lexis 14881 (S.D.N.Y 1995). As such, plaintiff has not provided sufficient notice for Defendant to calculate damages, if any.

Furthermore, plaintiff must offer in their complaint "examples of situations when management employed them for more than forty (40) hours in a week without paying them overtime." *Id* at *11. "Simply stating that Plaintiffs were not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA." *Id*. It is necessary for a plaintiff to specifically plead each weak worked over forty hours. *Id*. In the matter presently before this

4

Court, Plaintiff has not alleged with specificity, the weeks worked over forty hours. In essence, Plaintiff simply states that he "often" worked overtime and was not paid for said overtime work, and as such, is insufficient to plead a cause of action for unpaid overtime wages. *Id*.

Likewise, Plaintiff's failure to state a viable claim for overtime compensation fails to satisfy Fed. R. Civ. P. 8(a)(3). Zhong, 498 F. Supp at 630. It is well settled law that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly., 127 S. Ct. 1955, 1965 (2007); 167 L. Ed. 2d 929, 940, 2007 U.S. Lexis 5901; (citing, Papsan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level, *Id.*, (citing 5 C. Wright & A. Miller, Federal Practice and Procedure @ 1216, pp. 235-236 (3d ed. 2004). It is also well settled law that the "threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief." Id. at 1966. Plaintiff has merely alleged labels and conclusions to prove his entitlement for relief. Plaintiff simply states he "often" worked over forty (40) hours per week. (Complaint ¶ 15). Moreover, Plaintiff's complaint reads as a formulaic recitation of the elements of a cause of action, and as such, does not provide the grounds of entitlement. *Id*. at 1965. Plaintiff has provided insufficient information for the Court to be able to calculate damages to raise a right to relieve above the speculative level. Bell Atlantic, 127 S. Ct. at 1965.

Applying pleading requirement four (4) "where a plaintiff brings an FLSA claim for and in behalf of himself…and other employees similarly situated, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief" there is no question that Plaintiff's claim for class certification, as raised in Plaintiff's pleadings, does not allege facts