that would entitle Plaintiff and those similarly situated to relief. Zhong, 498 F. Supp. 2d at 628. "Unlike class action suits brought pursuant to Fed. R. Civ. P. 23, only potential plaintiffs who "opt in" may be bound by or benefit from the judgment in an FLSA collective action." Lee v. ABC Carpet & Home., 236 F.R.D. 193; 2006 U.S. Dist. LEXIS 32511 (S.D.N.Y. 2006), citing 29 U.S.C. §§ 216(b), 256; see also, Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997). The FLSA provides in part "[a]n action to recover liability…may be maintained against any employer…by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. The FLSA goes on to say "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 29 U.S.C. § 216(b).

In determining whether a matter should be classified as a collective action under § 216(b) of the FLSA, courts generally utilize a two-step approach. Lee, 236 F.R.D. at 197. Courts determine whether class members are similarly situated by looking at the pleadings and affidavits. Id. at 197; (citing, Scholtisek v. Eldre Corp., 229 F.R.D. 381 (W.D.N.Y. 2005). After discovery, a court will examine the record and determine if the claimants are similarly situated. If so, the collective action proceeds to trial. Lee, 236 F.R.D. at 197. Courts have held that Plaintiffs must at least provide a "modest factual showing sufficient to demonstrate that they and potential plaintiff's…were victims of a common plan that violated the law." Hoffman, 982 F. Supp. at 261. Likewise, plaintiffs must "[d]emonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme." Id., (citing Jackson v. New York Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995).

In the instant matter, Plaintiff has not alleged facts sufficient to plead claimants are similarly situated or that a factual nexus exists to supporting a finding that potential plaintiffs were subjected to a common discriminatory scheme. *Id*. Plaintiff's Complaint simply states that he "often" worked over forty (40) per week and ten (10) or more hours per day as a dishwasher (Complaint ¶ 16). Additionally, Plaintiff does not allege who those other similarly situated dishwashers are, nor does he allege facts that would entitle those possible claimants to relief. *Id*. Moreover, Plaintiff has not pleaded facts to demonstrate a factual nexus that supports a finding that other dishwashers were subject to the alleged discriminatory practices of Defendant. Plaintiff makes a bald assertion that, upon information and belief, there are twenty (20) class members subject to the same damages as Plaintiff. (Complaint ¶ 9). However, plaintiff's allegations stop there. Plaintiff's pleadings fail to demonstrate that he was a victim of a common scheme, and as such, fails to demonstrate that potential plaintiff's were victims of a common. *Id*. At no time does Plaintiff plead facts to create a factual nexus that supports a finding that he or potential plaintiffs were subjected to a common discriminatory scheme, and as such, fails to and allege facts that would entitle them to relief. *Zhong*, 498 F. Supp. 2d at 628. Therefore, the Defendant's Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) "for failure to state a claim upon which relief can be granted" should be granted in its entirety because Plaintiff has failed to plead facts necessary to sustain a claim for unpaid overtime and class certification.

**Point II**

**PLAINTIFF'S TOTAL WEEKLY COMPENSATION
IS SUFFICIENTLY ABOVE THE MINIMUM RATE**

Under New York State Department of Labor (NYSDOL) regulations, employers must pay "one hour's pay at the basic minimum wage rate, in addition to the minimum wage

required...required for any day in which (a) the spread of hours exceeds ten (10) hours; or (b) there is a split shift; or (c) both situations occur." 12 N.Y.C.R.R. § 142-2.4. The NYSDOL explains that "If the weekly wages actually...equal or exceed the total of: (i) 40 hours paid at the basic minimum wage rate; (ii) overtime paid at the particular employee's overtime rate; and (iii) one hour's basic minimum wage rate for each day the employee worked in excess of 10 hours, then no additional compensation is due." Yang v. ACBL, 427 F. Supp. 2d 327 (S.D.N.Y. 2005), 2005 U.S. Dist. Lexis 31567. However, the Court in Yang rejected the NYSDOL interpretation, stating the "effect of...the...interpretation would be to carve out an exception to the spread of hours provision for workers who...are paid overtime and make more than minimum wage." Id. at 340.

Subsequently, the Southern District rejected Yang, and adopted the NYSDOL approach to the spread of hours provision previously mentioned. Chan v. Triple 8 Palace., 2006 U.S. Dist. Lexis 15780 (S.D.N.Y. 2006). "The plain text of 12 N.Y.C.R.R. § 142-2.4 ensures an additional wage only ""in addition to the minimum wage"" required under New York Law. Id. at *76. "It is therefore to be expected that the provision will not affect workers whose total weekly compensation is already sufficiently above the minimum rate" Id. at *76-77.

In the matter presently before the court, plaintiff pleads he "often" worked ten or more hours per day entitling him to alleged unpaid spread of hours wages (Complaint ¶ 15). However, there exists an internal conflict within the complaint regarding plaintiff's entitlement to alleged unpaid spread of hours wages. Plaintiff alleges in his Complaint that he "often" worked 40 hours or more per week and was paid around $260-to-$300 dollars a week (Complaint ¶ 15). If Plaintiff often worked forty hours or more per week and was paid $260-to-$300 dollars a week, his hourly wage would consistently be above minimum wage, and as such, plaintiffs weekly

8

compensation would be sufficiently above the minimum rate" *Id.* at 76-77; see New York Labor Law, § 650 *et seq.*

Accordingly, plaintiff cannot prove that Carmines owed him unpaid spread of hours wages. Therefore, this Court should grant Defendant's Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety as individuals who are paid wages sufficiently above the minimum rate are not entitled to protection from NYLL spread of hours provision.

## CONCLUSION

Based on the forgoing, Defendant, Carmine's Italian Seafood Restaurant, respectfully requests that this Honorable Court issue an Order granting Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety and for any such further relief as this Court may deem just and proper.

Respectfully submitted,

SCOTT MICHAEL MISHKIN, P.C.

_____/s/_____
By: Scott Michael Mishkin, Esq. (SMM 3687)
  One Suffolk Square Suite 240
  Islandia, New York 11749
  Telephone: (631) 234-1154
  Facsimile: (631) 234-1045