UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JUAN GARCIA-ESPINOZA, on behalf of :
Himself and other persons similarly  :    CV: 07-8330(LAK)(AJP)
situated,                            :
                                     :
     Plaintiffs,   :
                                     :
 -against-                      :
                                     :
JP RESTAURANT CORP., d/b/a           :
CARMINE'S ITALIAN SEAFOOD            :
RESTAURANT,                          :
                                     :
     Defendants.  :
-------------------------------------------------------x

## DEFENDANT CARMINE'S ITALIAN SEAFOOD RESTAURANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Dated: Islandia, New York
   October 31, 2007

             Respectfully submitted,

             SCOTT MICHAEL MISHKIN, P.C.

             _____/s/_____
            By: Scott Michael Mishkin, Esq (SMM 3687)
             One Suffolk Square Suite 240
             Islandia, New York 11749
             Telephone: (631) 234-1154
             Facsimile:  (631) 234-5048
             *Attorney's for Defendant*

## TABLE OF CONTENTS

Table of Authorities..................................................................................ii,iii
Preliminary Statement.................................................................................1
Statement of Factual and Procedural History....................................................1
Standard of Review....................................................................................2
Argument.................................................................................................3

Point I

**PLAINTIFF FAILS TO PLEAD FACTS
NECESSARY TO SUSTAIN A CLAIM FOR
UNPAID OVERTIME AND CLASS CERTIFICATION**......................................3


Point II

**PLAINTIFF'S TOTAL WEEKLY COMPENSATION
IS SUFFICIENTLY ABOVE THE MINIMUM RATE**..........................................7


Conclusion................................................................................................9

## TABLE OF AUTHORITIES

Cases

Acosta v. Yale Club., No. 94 Civ. 0888, 1995 U.S. Dist. Lexis 14881 (S.D.N.Y 1995)……..4, 5

Bass v. Jackson, 790 F.2d 260, 262 (2d Cir. 1986)……………………………………………..2

Bell Atlantic v. Twombly., 127 S. Ct. 1955 (2007), 167 L. Ed. 2d 929,
2007 U.S. Lexis 5901………………………………………………………………………….5

Chan v. Triple 8 Palace., No. 03 Civ. 6048, 2006 U.S. Dist. Lexis 15780
(S.D.N.Y. 2006)……………………………………………………………………………...8, 9

Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994)…………………………………………..2

Connel v. Signoracci, 153 F.3d 74 (2d Cir. 1998)……………………………………………...2

Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997)…………………………...6, 7

Hughs v. Rowe, 449 U.S. 5 (1980)……………………………………………………………..2

Jackson v. New York Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995)…………………7

Jackson National Life Insurance v. Merrill Lynch & Co., 32 F.3d 697 (2d Cir. 1994)………..2

Lee v. ABC Carpet & Home., 236 F.R.D. 193; 2006 U.S. Dist. LEXIS 32511
(S.D.N.Y. 2006)………………………………………………………………………………..6

Pail v. Precise Imports Corporation, No. 99 CV 1624, 1999 LEXIS 13401
(S.D.N.Y. August 31, 1999)……………………………………………………………………2

Papsan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)……………….5

Rene v. Citibank NA, No. 94 CV 5163, 1999 LEXIS 203
(E.D.N.Y. January 11, 1999)…………………………………………………………………..2

Scholtisek v. Eldre Corp., 229 F.R.D. 381 (W.D.N.Y. 2005)………………………………….6

Yang v. ACBL, No. 04 Civ. 8987, 427 F. Supp. 2d 327 (S.D.N.Y. 2005)…………………..8, 9

Zhong v. August August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007)……………Passim

Statutes

Federal Rules of Civil Procedure 12(b)(6).................................................................*Passim*

Federal Rules of Civil Procedure 8(a), 8(a)(2), 8(a)(3)...................................................5

Fair Labor Standards Act, 29 U.S.C. §§ 201, 207. 216(b) *et seq*............................*Passim*

New York Labor Law, § 190 *et seq*.................................................................................1

New York Labor Law, § 650 *et seq*............................................................................8,9

New York State Labor Regulation 12 N.Y.C.R.R. § 142-2.4.......................................8,9

## PRELIMINARY STATEMENT

Defendant JP Restaurant Corp., d/b/a Carmine's Italian Seafood (hereinafter referred to as "Carmines" and/or Defendant), by and through its Attorney, SCOTT MICHAEL MISHKIN, P.C., submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Juan Garcia-Espinoza's Complaint on behalf of himself and other persons similarly situated, (hereinafter referred to as "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure ("Fed. R. Civ. P.").

## STATEMENT OF FACTUAL AND PROCEDURAL HISTORY

On September 24, 2007, Plaintiff, individually and on behalf of alleged similarly situated current and former employees of Carmines filed a Federal Complaint alleging Carmines failed to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law § 190 *et seq.* (NYLL), as well as spread of hours wages to in violation of NYLL.

Said Complaint sounds in 1) that Plaintiff and others were entitled to unpaid wages for overtime work. (Complaint ¶ 1, 2), and 2) that Plaintiff's allegations for unpaid overtime and spread of hours wages rest (only) on a bare bone allegation that he "often worked over forty (40) hours per week and ten (10) or more hours per day" (Complaint ¶ 15). That's it.

As will be demonstrated herein, as a matter of law Plaintiff's Complaint must be dismissed, as it appears beyond doubt that, based on said one bare bone allegation, the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

As such, Defendant respectfully moves this Court, pursuant to Rule 12(b)(6) of the Fed. R. Civ. P., for an Order dismissing Plaintiff's complaint as its pleadings fail to provide sufficient