JUDGE KAPLAN

07 CIV 8330

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN GARCIA-ESPINOZA, Individually and      :
on Behalf All Other Persons Similarly Situated,

                                            :

                    Plaintiffs,             :

                                            :          **COMPLAINT AND**
     -against-                              :          **JURY DEMAND**

                                            :

JP RESTAURANT CORP. d/b/a CARMINE'S         :
ITALIAN SEAFOOD RESTAURANT,
                                            :

                    Defendant.              :
------------------------------------------------------------X

RECEIVED
SEP 2 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

### Federal Allegations

1.      Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages and attorney's fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

### New York State Allegations

2.      Plaintiff alleges, on behalf of himself, that under New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by law, (ii) entitled to unpaid spread of hours wages from Defendant which he did not receive, as required by law (iii) liquidated damages equal to twenty-five (25) percent of his unpaid wages, and (iv) attorneys fees and costs.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.    Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.    Plaintiff, Juan Garcia-Espinoza, at all relevant times, is an adult individual, residing in New York County.

7.    Upon information and belief, Defendant is a New York corporation, with its principal place of business in New York County.

## COLLECTIVE ACTION ALLEGATIONS

8.    Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since December 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek (the "Collective Action Members").

9.    This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on

b.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c.  whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

d.  whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.  whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

f.  whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.  whether Defendant should be enjoined from such violations of the FLSA in the future.

13.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

14.    At all relevant times, Defendant maintained and operated a restaurant in New York County.

15.    Plaintiff worked as a dishwasher and related duties. Plaintiff often worked over forty (40) hours per week. Plaintiff often worked ten (10) or more hours per day. Plaintiff was paid a weekly salary ranging from $260.00 to $300.00.

16.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

17.    Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 16 as if they were set forth again herein.

18.    At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19.    At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

20.    Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

21.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.