UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN GARCIA-ESPINOZA, Individually and      :
on Behalf of All Other Persons Similarly Situated,  :
                                                                           :    CV: 07-8330
            Plaintiffs.                                       :    (LAK)(AJP)
                                                                           :
         -against-                                            :
                                                                           :
JP RESTAURANT CORP., d/b/a CARMINE'S   :
ITALIAN SEAFOOD RESTAURANT,            :
                                                                           :
            Defendant.                                      :
------------------------------------------------------------------X

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Simply put, Defendant's Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Defendant's Motion") outright ignores the fact that pursuant to the "short and plain statement" requirement articulated in Rule 8 of the Federal Rules of Civil Procedure, Plaintiffs' Complaint appropriately pleads a certain claim for relief under the FLSA and New York Wage and Hour laws. Thus, for the reasons more fully articulated below, Defendant's Motion should be denied.

## MEMORANDUM OF LAW

**I.    STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that dismissal of a claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117,12 (11th Cir. 1994)(quoting *Hinshon v. King & Spalding*), 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). When considering a Motion to Dismiss, the Court must accept as true all facts as alleged and

draw all inferences therefrom in the light most favorable to the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *see also Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir.1993). A Complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 47-48 (1957). The Complaint need only give the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See id*.

## II.   STATING A CLAIM UNDER THE FLSA

Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, a plaintiff is only required to allege: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment. Fed. R. Civ. P. (8)(a). In the case of claims arising under the Fair Labor Standards Act ("FLSA"), courts have repeatedly held that a simple statement that a defendant who has employees who are engaged in interstate commerce and who are paid less than the statutorily required wage is sufficient to state a claim under the FLSA. *See e.g., Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th Cir. 1959). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the rules to disclose more precisely the basis of both the claim and defenses and to define more narrowly the disputed facts and issues." *Conley*, 335 U.S. at 41, 47-48. In the instant case, Plaintiff's Complaint contains all of the allegations required to state a claim for overtime compensation under the FLSA and for unpaid wages under New York State law. *See Mitchell, supra.*

Specifically, in Paragraphs 13 and 22-23 of the Complaint, Plaintiff alleges that he was a

dishwasher for Defendant, and that Defendant failed to pay Plaintiff and similarly situated employees time and a half wages for their overtime hours worked, in violation of the FLSA. In Paragraph 27, Plaintiff alleges that Defendants failed to pay Plaintiff and similarly situated employees an additional hour of pay at minimum wage for each day he worked more than ten (10) hours. In the "Prayer for Relief" section of the Complaint, Plaintiff specifically itemizes the relief he seeks from Defendants and demands judgment against Defendants. Defendant's contention that Plaintiff was paid more than the requisite minimum wage for a 40-hour workweek fails to take into account the weeks during which Plaintiff and other similarly situated employees worked more than forty (40) hours **without extra overtime compensation**, as well as each day during which Plaintiff worked more than ten (10) hours without being paid an extra hour at the minimum wage.

Because Plaintiff has not yet been provided with his pay and time records from Defendants, and because Defendants have not yet provided the names and addresses of all other similarly situated employees to Plaintiff, Plaintiff cannot at this time, nor is he required to, identify all specific damage amounts he is seeking or the names of the other approximate 20-30 class members interested in joining this lawsuit. Contrary to Defendant's unsupported musings, these further facts, such as whether Plaintiff is indeed similarly situated to others are more appropriately addressed during the discovery period or during class motion briefing; not upon receipt of Plaintiff's Complaint as Defendant alleges.

Thus, it is clear on the face of his Complaint that Plaintiff's proposed class consists of non-exempt dishwashers and restaurant workers such as himself who worked for Defendants at any time during the relevant limitations period. Based upon the facts alleged above sufficient to state a claim, Plaintiff clearly has plead all elements of the claim for relief as required and

Defendants' Motion should be dismissed.  *See Mitchell, supra.*

Finally, as to Defendants' attack on Plaintiffs' class allegations, the fact remains that, *for purposes of stating a claim¸* Plaintiff has pled that as a non-exempt dishwasher for Defendants who was not properly paid his FLSA and New York State law wages, he is similarly situated to, and seeks relief on behalf of, other potential class members.  At this stage in the litigation, without any discovery or access to Defendant's books and records, no Plaintiff would ever be able to pursue a collective or class action unless class members are identified at the inception of lawsuit.  This makes no sense; Defendant's arguments in this regard are more appropriately addressed at the time Plaintiff files his class motion(s), not now.

Dated:  November 16, 2007

                                            By:_____/S_____
                                              Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, New York, 10011
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

**ATTORNEY FOR PLAINTIFF
AND THE PROPOSED CLASS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUAN GARCIA-ESPINOZA, Individually and          :
on Behalf of All Other Persons Similarly Situated, :
                                                :     CV: 07-8330
                 Plaintiffs.                    :     (LAK)(AJP)
                                                :
        -against-                               :
                                                :
JP RESTAURANT CORP., d/b/a CARMINE'S            :
ITALIAN SEAFOOD RESTAURANT,                     :
                                                :
                 Defendant.                     :
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2007, the forgoing Response to Defendant's Motion to Dismiss was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and the Southern District's Local Rule 5.2, upon the following parties and participants:

The Law Offices of Scott M. Mishkin, P.C.
One Suffolk Square Suite 240
Islandia, NY 11749

**/s JUSTIN A. ZELLER**
(JZ 7094)
The Law Office of Justin A. Zeller, P.C.
251 West 14th Street, 5th Floor
New York, NY 10011
Tel: 212-229-2249
Fax: 212-229-2246
E-mail: Jazeller@zellerlegal.com

5