UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JUAN GARCIA-ESPINOZA, on behalf of :
Himself and other persons similarly   :   CV: 07-8330(LAK)(AJP)
situated,                             :
                                      :
               Plaintiffs,            :
                                      :
     -against-                        :
                                      :
JP RESTAURANT CORP., d/b/a            :
CARMINE'S ITALIAN SEAFOOD             :
RESTAURANT,                           :
                                      :
               Defendants.            :
-----------------------------------------------------------x

### DEFENDANT CARMINE'S ITALIAN SEAFOOD RESTAURANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Dated: Islandia, New York
       November 27, 2007

                                    Respectfully submitted,

                                    SCOTT MICHAEL MISHKIN, P.C.

                                    _____/s/_____
                                    By: Scott Michael Mishkin, Esq (SMM 3687)
                                        One Suffolk Square Suite 240
                                        Islandia, New York 11749
                                        Telephone: (631) 234-1154
                                        Facsimile:  (631) 234-5048
                                        *Attorney's for Defendant*

## PRELIMINARY STATEMENT

Defendant, JP Restaurant Corp., d/b/a Carmine's Italian Seafood (hereinafter referred to as "Carmines" and/or Defendant), by and through its Attorney, SCOTT MICHAEL MISHKIN, P.C., submits this Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff Juan Garcia-Espinoza's Complaint on behalf of himself and other persons similarly situated, (hereinafter referred to as "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure (Fed. R. Civ. P.).

In its Opposition, plaintiff argues that according to the "short and plain" statement requirement articulated in Rule 8 of the Fed. R. Civ. P., and 5th Circuit case law prescribing the necessary pleading requirements under the FLSA, Plaintiff has appropriately pleaded a claim for relief under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). (Def. Brief in Reply at 1). However, Plaintiff's fails to recognize specific pleading requirements articulated here in the Southern District of New York for claims brought under the FLSA and NYLL which require more that a "short and plain" statement, as described herein. Accordingly, Defendant submits that they are entitled to an Order granting its Motion to Dismiss Plaintiff's Complaint in its entirety.

## STANDARD OF REVIEW FOR 12(b)(6) MOTION

As the court is aware, it may dismiss an action pursuant to Fed. R. Civ. P. 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994); Pail v. Precise Imports Corporation, No. 99 CV 1624, 1999 LEXIS 13401 at *4, (S.D.N.Y. August 31, 1999); Rene v. Citibank NA, No. 94 CV 5163, 1999 LEXIS 203 at *12 (E.D.N.Y. January 11, 1999). In considering defendant's motion, the court must take as true the facts alleged in the complaint and

draw all reasonable inferences in the plaintiff's favor. Connel v. Signoracci, 153 F.3d 74 (2d Cir. 1998); Jackson National Life Insurance v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir. 1994).

As set forth in defendant's initial motion, the court should not grant a Rule 12(b)(6) motion unless it appears clear that the plaintiff cannot in any way establish a set of facts to sustain his claim, which would permit him relief. Hughs v. Rowe, 449 U.S. 5, 10, 66 L.Ed. 2d 163, 101 S. Ct. 173 (1980); see also Bass v. Jackson, 790 F.2d 260, 262 (2d Cir. 1986). As Plaintiff fails to plead sufficient facts to sustain a claim for unpaid overtime, spread of wages and class certification. Therefore, as a matter of law, the Defendant's Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) "for failure to state a claim upon which relief can be granted" should be granted in its entirety and Plaintiff's Complaint should be dismissed pursuant to Defendant's 12(b)(6) motion.

### ARGUMENT

#### Point I

**PLAINTIFF IGNORES PRECEDENT IN THE SOUTHERN DISTRICT OF NEW YORK THAT REQUIRES HIM TO PLEAD APPROXIMATE FACTS NECESSARY TO SUSTAIN A CLAIM FOR UNPAID OVERTIME AND CLASS CERTIFICATION**

The crux of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), centers around his assertion that pursuant to the "short and plain" statement requirement articulated in Fed. R. Civ. P. (8)(a), and 5th Circuit case law prescribing pleading requirements under the FLSA, Plaintiff has pleaded a claim for relief under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff's

reliance on Fed. R. Civ. P. (8)(a) and 5th Circuit case law, omits established precedent here in the Southern District of New York, requiring a plaintiff to allege approximate facts to survive a motion to dismiss a claim brought under the FLSA and NYLL. Zhong v. August August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007), 2007 U.S. Dist. Lexis 54296.

Here, Plaintiff fails to plead requirements necessary under the FLSA and NYLL and the Southern District necessary to sustain a claim for unpaid overtime, class certification and spread of hours wages. Specifically, plaintiff must allege with specificity: overtime hours worked; hours worked for which wages were not received; the applicable rate of pay; the amount of overtime wages due; hours worked per week; days worked during the week; specific wage paid per day; the length of employment; and examples of situations in when management employed them for more than forty (40) hours in a week without paying them overtime. Zhong. 498 F. Supp. 628, 630; Acosta v. Yale Club., 94 Civ. 0888, 1995 U.S. Dist. Lexis 14881 (S.D.N.Y. 1995).

Contrary to Plaintiff's assertions otherwise, his complaint is almost void of any specific details as to applicable rate of pay and the amount of overtime wages due; if any. Plaintiff simply pleads that he "often" worked over forty (40) hours per week (Complaint ¶ 15). Moreover, Plaintiff has not alleged with specificity the hours worked per week, days worked per week, a specific wage paid per day or the overall length of his employment. Plaintiff's complaint simply states that he "often" worked overtime and was not paid for said overtime worked. (Complaint ¶ 15).

Furthermore, simply stating that Plaintiffs were not paid for overtime work does not sufficiently allege a violation of the FLSA. Id. It is necessary for a plaintiff to specifically plead each week worked over forty (40) hours. Id. In essence, Plaintiff simply states that he "often"