worked overtime and was not paid for said overtime work. As such, Plaintiff has not provided sufficient notice for defendant to calculate damages, contrary to Plaintiff's assertion. As a result of the forgoing facts, Plaintiff has failed to plead facts necessary to sustain a claim for unpaid overtime and class certification under the FLSA.

Plaintiff also omits in its Opposition, precedent in the Southern District of New York that establishes a framework to determine if plaintiff's has sufficiently alleged whether he is similarly situated to other coworkers, and if so, whether a class action may proceed. Plaintiff argues that the appropriate time to determine class certification is during discovery or a class motion briefing. (*See Plaintiff's Opposition Pg. 3*) However, courts can determine if a plaintiff has sufficiently alleged whether he and those similarly situated are entitled to relief on the face of the complaint. Courts have held that plaintiff's must at least provide a "modest factual showing" sufficient to demonstrate that they and potential plaintiff's…were victims of a common plan that violated law." Hoffman v. Sbarro Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Moreover, plaintiff's must "demonstrate a factual nexus" that supports a finding that potential plaintiff's were subject to a common discriminatory scheme. *Id*. (citing Jackson v. New York Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995). Said determination can be made without the discovery process or a class motion briefing.

Contrary to Plaintiff's position, he has not demonstrated a "modest factual showing" *Id.*, or a factual nexus that supports a finding that potential plaintiff's were subject to a common discriminatory scheme. *Id.* Plaintiff does not allege who those other similarly situated dishwashers are, nor does he allege facts that would entitle those possible claimants to relief. Moreover, Plaintiff has not pleaded facts to demonstrate a factual nexus that supports a finding that other dishwashers were subject to the alleged discriminatory practices of Defendant.

4

Furthermore, Plaintiff's pleading fails to demonstrate that he was a victim of a common scheme, and as such, it fails to demonstrate that potential plaintiff's were also victims of a common scheme. At no time does Plaintiff plead facts to create a factual nexus that supports a finding that he or potential plaintiffs were subjected to a common discriminatory scheme, and as such, fails to allege facts that would entitle them to relief. Zhong, 498 F. Supp. 2d at 628. As a result of the forgoing facts, Plaintiff fails to provide a modest factual showing sufficient to demonstrate that the claimaints are similarly situated or subject to a common plan that violated law. Therefore, the Defendant's Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) "for failure to state a claim upon which relief can be granted" should be granted in its entirety because Plaintiff has failed to plead facts necessary to sustain a claim for unpaid overtime wages and class certification.

### Point II

**PLAINTIFF HAS FAILED TO ALLEGE FACTS NECESSARY TO SUPPORT A CLAIM FOR SPREAD OF HOURS WAGES**

Plaintiff's contention that he is entitled to spread of hours wages under NYLL, fails to take into account the internal conflict present in his pleading. Said internal conflict prevents a recovery of spread of hours wages under New York Law. *see* Chan v. Triple 8 Palace., 2006 U.S. Dist. Lexis 15780 (S.D.N.Y. 2006). The New York State Department of Labor (NYSDOL) explains that "if the weekly wages actually…equal or exceed the total of: (i) 40 hours paid at the basic minimum wage rate; (ii) overtime paid at the particular employee's overtime rate; and (iii) one hour's basic minimum wage rate for each day the employee worked in excess of ten (10) hours, then no additional compensation is due." Yang v. ACBL, 427 F. Supp. 2d 327 (S.D.N.Y. 2005). Furthermore, "it is…to be expected that the provision will not affect workers whose total

5

weekly compensation s already sufficiently above the minimum rate." Chan v. Triple 8 Palace., 2006 U.S. Dist. Lexis 15780 (S.D.N.Y. 2006).

Plaintiff alleges in his Complaint that he "often" worked 40 hours or more per week and was paid around "$260-to-$300 dollars a week." (Complaint ¶ 15). On its face, Plaintiff's Complaint alleges that he made more than the minimum wage, and therefore, no additional compensation is due Plaintiff. Yang, 427 F. Supp. at 327. Accordingly, Plaintiff cannot prove that Carmines owed him unpaid spread of hours wages. Therefore, this Court should grant Defendant's Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety as individuals who are paid wages sufficiently above the minimum rate are not entitled to protection from NYLL spread of hours provision.

## CONCLUSION

Based on the forgoing, Defendant, Carmine's Italian Seafood Restaurant, respectfully requests that this Honorable Court issue an Order granting Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety and for any such further relief as this Court may deem just and proper.

Respectfully submitted,

SCOTT MICHAEL MISHKIN, P.C.

_____/s/_____
By: Scott Michael Mishkin, Esq (SMM 3687)
One Suffolk Square Suite 240
Islandia, New York 11749
Telephone: (631) 234-1154
Facsimile:  (631) 234-5048
*Attorney's for Defendant*