UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JUAN GARCIA-ESPINOZA, on behalf of :
Himself and other persons similarly : CV: 07-8330(LAK)(AJP)
situated, :
: ANSWER TO COMPLAINT
Plaintiffs, :
:
-against- :
:
JP RESTAURANT CORP., d/b/a :
CARMINE'S ITALIAN SEAFOOD :
RESTAURANT, :
:
Defendants. :
------------------------------------------------------x

       Defendant, JP RESTAURANT CORP., d/b/a CARMINE'S ITALIAN SEAFOOD RESTAURANT, by its attorneys, Scott Michael Mishkin, P.C., answer Plaintiff, JUAN GARCIA-ESPINOZA'S Complaint as follows:

## AS TO THE NATURE OF THE ACTION

       1.      Defendant admits that Plaintiff brings this action under the statutes listed and asserting the claims listed, but deny that Plaintiff states a claim or is entitled to any relief on such claims, and on said basis, deny each and every allegation contained in this paragraph of the Complaint.

       2.      Defendant admits that Plaintiff brings this action under the statues listed and asserting the claims listed, but deny that Plaintiff states a claim or is entitled any relief on such claims, and on said basis, deny each and every allegation contained in this paragraph of the Complaint.

## AS TO JURISDICTION AND VENUE

       3.      Paragraph "3" of the Complaint states a legal conclusion for which no

response is required.

4. Defendant admits the allegations contained in paragraph "4" of the Complaint.

5. Paragraph "5" of the Complaint states a legal conclusion for which no response is required.

6. Denies knowledge or information sufficient to form a belief as to paragraph "6."

7. Paragraph "7" of the Complaint states a legal conclusion for which no response is required.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

8. Paragraph "8" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

9. Paragraph "9" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

10. Paragraph "10" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

11. Paragraph "11" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

12. Paragraph "12" of the Complaint states a legal conclusion for which no

response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

13. Paragraph "13" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

## AS TO THE STATEMENT OF FACTS

14. Defendant admits the allegations contained in paragraph "14" of the Complaint.

15. Defendant denies the allegations contained in paragraph "15" of the Complaint.

16. Defendant denies the allegations contained in paragraph "16" of the Complaint.

## AS TO THE FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

17. Defendant denies the allegations contained in paragraph "17."

18. Paragraph "18" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

19. Paragraph "19" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

20. Paragraph "20" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

21. Paragraph "21" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

### AS TO THE FEDERAL OVERTIME CLAIM

22. Paragraph "22" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

23. Paragraph "23" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

### AS TO THE SECOND CLAIM FOR RELIEF:
### NEW YORK LABOR LAW

24. Defendant denies the allegations contained in paragraph "17."

25. Paragraph "25" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

### AS TO THE STATE OVERTIME CLAIM

26. Paragraph "26" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

### AS TO THE SPREAD OF HOURS CLAIM

27. Paragraph "27" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required,

Defendant denies the allegations contained in the aforementioned paragraph.

28. Paragraph "28" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

29. Paragraph "29" of the Complaint states a legal conclusion for which no response is required. However, to the extent a responsive pleading is required, Defendant denies the allegations contained in the aforementioned paragraph.

## AS TO PRAYER FOR RELIEF

30. Defendant denies all allegations not unequivocally admitted herein and deny that Plaintiff is entitled to any of the relief demanded in the "WHEREFORE" clause of the Complaint, including but not limited to paragraphs "a-j" thereof.

## ADDITIONAL AVERMENTS

31. Defendant denies all claims and allegations not unequivocally admitted herein.

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses.

## FIRST AFFIRMATIVE DEFENSE

32. The Complaint should be dismissed, in whole or in part, because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

33. The Complaint is barred in whole or part because Plaintiff's salary, duties and responsibilities meet all requirements of exempt status pursuant to

29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 541, as bona fide executive, administrative or executive worker.

### THIRD AFFIRMATIVE DEFENSE

34. The applicable statute of limitation may bar some or all of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

35. Some or all of Plaintiff's claims may be subject to the de minimis rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

### FIFTH AFFIRMATIVE DEFENSE

35. The Complaint is barred in whole or part because Plaintiff has failed to allege facts demonstrating that Defendant's alleged conduct was willful and merits a three-year statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

37. The Complaint is barred in whole or part because Plaintiff has pleaded no alleged facts demonstrating that he is entitled to recover liquidated damages and Defendant has at all times classified workers in good faith and with a reasonable ground for believing it was in compliance with the FLSA, pursuant to 29 U.S.C. § 260.

### SEVENTH AFFIRMATIVE DEFENSE

38. The named Plaintiff cannot bring this action in a representative capacity because he is not similarly situated to other workers, or to the class of persons performing his job whom he purports to represent in this action. Class resolution would not be superior to other methods of adjudication.

**EIGHTH AFFIRMATIVE DEFENSE**

39.     Defendant has acted in good-faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and accordingly, this action is barred under 29 U.S.C. § 259.

**NINTH AFFIRMATIVE DEFENSE**

40.     The Complaint is barred in whole or part because Plaintiff was a salaried employee working a fluctuating work week, and, as pled, at most would be entitled to half-time compensation in accordance with 29 C.F.R. § 778.114.

**TENTH AFFIRMATIVE DEFENSE**

41.     At all material times, Defendant paid Plaintiff all sums of money to which Plaintiff was entitled.

**ELEVENTH AFFIRMATIVE DEFENSE**

42.     Plaintiff's hours did not exceed the maximum hours under the FLSA.

**TWELFTH AFFIRMATIVE DEFENSE**

42.     Some or all of the Plaintiff's claims are barred by the doctrines of estoppel and waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

43.     Plaintiff's total weekly wages equaled or exceeded the total of forty (40) hours at the basic minimum wage rate; overtime paid at the particular employee's overtime rate; and one hour's basic minimum wage rate for each day the employee worked in excess of ten (10) hours.

## FOURTEENTH AFFIRMATIVE DEFENSE

44. Defendant reserves the right to assert additional affirmative defenses in the event additional persons become Plaintiffs in this lawsuit, and/or as may be appropriate in connection with facts obtained through discovery.

**WHEREFORE,** Defendant JP RESTAURANT CORP., d/b/a CARMINE'S ITALIAN SEAFOOD RESTAURANT demands judgment dismissing Plaintiff's claims in its entirety, together with the costs and disbursements of this action and for such other and further relief as the Court deems just and proper.

Dated: January 2, 2008
       Islandia, New York

SCOTT MICHAEL MISHKIN, P.C.
_____/s/_____
By: Scott Michael Mishkin, Esq (SMM 3687)
One Suffolk Square Suite 240
Islandia, New York 11749
Telephone: (631) 234-1154
Facsimile:  (631) 234-5048
*Attorney's for Defendant*